# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELLEN MCCLENDON,<br>              Plaintiff,<br><br>  vs.<br><br>CHARLES J. DOUGHERTY, an individual;<br>RALPH L. PEARSON, an individual; and<br>DUQUESNE UNIVERSTIY, a Pennsylvania<br>Corporation,<br>              Defendants. | Civil Action No. 2:10-cv-1339<br>Judge Nora Barry Fischer |

**MEMORANDUM ORDER**

And now this 23rd day of May, the Court having considered the factual averments in the Motion to Compel Production of Documents (Docket No. [34]) and the Supplemental Motion to Compel Discovery (Docket No. [45]), both filed by Plaintiff, the Responses in Opposition (Docket Nos. [36] and [46]) filed by the Defendants, the arguments of counsel made at the motion hearing of May 11, 2011, and the Court's *in camera* review of the American Association of Law Schools Special Site Visit Report (the Report) regarding the site visit of May 25 – 27, 2010, the Court holds that the report is not discoverable as it does not contain information admissible at trial in this case and its production will not lead to the discovery of admissible evidence.

Plaintiff's motion seeks to compel Defendant Duquesne University (Duquesne) to produce the Report, which was prepared by a committee of the American Association of Law Schools (AALS), summarizing and making comments on a site visit to Duquesne in May of 2010. Plaintiff's counsel asserts that he has been told by some unidentified person (not the

1

Plaintiff)[1] who has seen the report that the report contains information relevant to the issues of racial discrimination presented in this lawsuit and should therefore be produced. (Docket No. [34]). Duquesne responds by saying the report makes no reference to racial discrimination or any other matter relevant to Plaintiff's claims and so is outside the scope of discovery. Duquesne also argues that the Report is a confidential document pursuant to the terms of the AALS written policies. All such reports are considered confidential and are not to be distributed to anyone beyond a few specified categories of individuals, all of whom must acknowledge the confidential nature of the report and information contained therein.[2] Moreover, Duquesne asserts that Plaintiff has seen and reviewed the Report personally after signing a confidentiality agreement[3]. (Docket No. [36]). In turn, Plaintiff asserts that the claim of confidentiality is misplaced in a discovery response because there is no claim of privilege that overcomes the discoverability of the document. (Docket No. [34]). At oral argument Plaintiff also asserted that Duquesne had not produced a privilege log pertinent to this report. The Court has reviewed the parties' briefs, heard oral argument, accepted and reviewed exhibits, read all cases provided by the parties and reviewed the disputed Report *in camera*.

> Rule 26 describes the scope of discovery as follows:
>
> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if

---

[1] Plaintiff has had the opportunity to review the Report twice. The Court was informed at the oral argument of May 11, 2011that he also had the opportunity to respond to the Report.
[2] Plaintiff acknowledged the confidential nature of the Report when he signed a Confidentiality Agreement on February 18, 2011. (Docket No. [36], Ex. C).
[3] It should be noted that the review of the Report by Plaintiff and his execution of the confidentiality agreement took place *after* the filing of this lawsuit and so Plaintiff, a law professor, should have been aware at the time he reviewed the Report that if it contained discoverable information, he might be waiving his right to use it in this lawsuit by signing the confidentiality agreement.

the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

*Id. See In Re Gateway Engineers, Inc.,* 2009 WL 3296625 (W.D.Pa.); *Texas Capital Corp. v. Fleet Capital Corp.,* 2004 WL 1472778 (E.D.Pa.). The Court notes specifically the requirement that the information sought need not be admissible at trial if it is *reasonably calculated to lead to the discovery of admissible evidence*.

In this case, Plaintiff claims that he has been and continues to be the subject of racial discrimination in the form of the denial of consideration for a decanal position at Duquesne as the result of racial bias, exposure to a hostile work environment, retaliation for filing a complaint with the Pennsylvania Human Relations Commission, and interference with his contractual rights under Title VII of the Civil Rights Act of 1964, the Pennsylvania Human Relations Act and the Reconstruction Civil Rights Act, 42 U.S.C. §1981. The complaint and its claims circumscribe the scope of discovery. It is against these claims that discoverability is determined as to each discovery request made. *See Texas Capital Corp.,* 2004 WL 1472778 *1. Having reviewed the Report *in camera*, the Court finds that the information contained in it is not admissible at trial and would not lead to the discovery of admissible evidence. Specifically, the Court does not find any reference to racial discrimination in the Report or any information that has any bearing on the issues raised in the Plaintiff's amended complaint.

The Court has reviewed and analyzed *Shingara v. Skiles*, 420 F. 3d 301 (3d Cir. 2005)(vacation of protective order barring newspaper from publishing information provided by party to case); *EEOC v. Franklin and Marshall College*, 775 F. 2d 110 (3d Cir.1985)(EEOC subpoena undermines claim of academic privilege); *University of Pennsylvania v. EEOC*, 493 U.S. 182 (1990)(EEOC mandate for investigation overcomes common law claim of privilege); *Glenmede Trust Company v. Thompson*, 56 F.3d 476 (3d Cir. 1995)(umbrella protective order to

enforce confidentiality agreement inappropriate without demonstration of "good cause"), the four cases upon which the Plaintiff relied at oral argument in support of his position that the Report is discoverable. The Court finds that these cases are distinguishable from the present case in that the cases focused on the issue of confidentiality. Indeed, relevance was conceded in one or more of the cases. In this case, having reviewed the Report, the Court has determined that the information in the Report is not discoverable under Fed. R. Civ. P. 26(b)(1) and so the issue of privilege or confidentiality need not be reached by this Court.

As to Plaintiff's supplemental motion (Docket No. [45]), the Court notes that while Plaintiff's counsel cites revelations made by anonymous faculty members[4] to support his claim that the Report supplied to the Court is not the Report actually submitted by AALS to Duquesne, he does not aver that his client, the Plaintiff, has made the same observation. Having considered this supplemental motion, Duquesne's response to same (Docket No. [46]) as well as the report, itself, this Court does not find credible the proposition that Duquesne has substituted a different document for that received by AALS.

Because the report is outside the scope of discovery, it is not a document Duquesne must produce and Plaintiff's Motions to Compel (Docket Nos. [34] and [45]) are DENIED.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record.

---

[4] While the Court does not have information that these faculty members signed a Confidentiality Agreement, if these faculty members did in fact sign such an agreement, they might be in violation of it by discussing the Report's content with Plaintiff's counsel.