IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELLEN MCCLENDON,<br>　　　　　　Plaintiff,<br><br>　vs.<br><br>CHARLES J. DOUGHERTY, an individual;<br>RALPH L. PEARSON, an individual; and<br>DUQUESNE UNIVERSTIY, a Pennsylvania<br>Corporation,<br>　　　　　　Defendants. | Civil Action No. 2:10-cv-1339<br>Judge Nora Barry Fischer |

**MEMORANDUM ORDER**

AND NOW this 15th day of September, 2011, having considered the Plaintiff's Motion for Reconsideration [79] of my Memorandum Order, (Docket No. 78), denying his Second Motion to Compel Discovery, (Docket No. 73), the Defendant's response to Plaintiff's motion for reconsideration, (Docket No. 82), and the parties' arguments before this Court, made on August 29, 2011, (Docket No. 83), the Court DENIES the pending motion for reconsideration [79].

This motion for reconsideration comes in the wake of the Court's denial of Plaintiff's second motion to compel discovery. In that motion, Plaintiff sought to compel production of Dr. Judith Griggs for supplemental deposition, as well as certain of Dr. Griggs' files and the files of Defendant Pearson. (Docket No. 73 at 7). The Court denied this motion because Plaintiff delayed in requesting production of the documents, because Defendants had already agreed to produce Dr. Griggs for supplemental deposition, and because the Court did not find the requested documents relevant. (*See generally* Docket No. 78).

Motions for reconsideration are granted sparingly "[b]ecause federal courts have a strong interest in finality of judgments." *Jacobs v. Bayha*, Civ. A. No. 07-237, 2011 WL 1044638, at *2

(W.D.Pa. Mar. 18, 2011) (quoting *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F.Supp. 938, 943 (E.D.Pa. 1995)) (emphasis added). "Because of the interest in finality, at least at the district court level … the parties are not free to relitigate issues the court has already decided." *Williams v. City of Pittsburgh*, 32 F.Supp.2d 236, 238 (W.D.Pa.1998) (citing *Rottmund v. Continental Assurance Co.*, 813 F.Supp. 1104, 1107 (E.D.Pa.1992)). The purpose of a motion for reconsideration is "'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). A Court may grant a motion for reconsideration if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café*, 176 F.3d at 677 (citing *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Plaintiff's motion clearly relies on the third rationale, as he claims that the Court committed clear error of law or fact in its disposition of his primary motion. (*See* Docket No. 79 at ¶ 2) (claiming that this Court's original order "constitutes an error of both law and fact and creates a manifest injustice."). The Court finds Plaintiff's argument to be without merit.

First, the Court reiterates its earlier point that "discovery under the Federal Rules of Civil Procedure is intended to be obtained as expeditiously as possible… Piecemeal discovery, such as would arise if the Court were to grant this motion, does not contribute to the expeditious completion of discovery." (*See* Docket No. 78 at 1) (internal citation omitted). Plaintiff's dilatory actions, which would result in *de facto* extension of the Court's discovery deadlines, do not contribute to the expeditious acquisition of discovery and disposition of the case.

Second, the request to produce Dr. Griggs for deposition is moot because, as Plaintiff's Counsel has admitted, Dr. Griggs has already been produced for supplemental deposition. (Docket No. 89 at 59). In fact, at oral argument, Plaintiff's Counsel admitted to having prepared the primary motion before receiving a response from Defendant's Counsel, and then he clearly failed to make changes to his motion. In this Court's estimation, Plaintiff's Counsel should be aware of the content of his own filings, and avoid wasting the Court's time and that of opposing counsel with a request over which there is no dispute.

As to the files of Dr. Griggs and Defendant Pearson, the Court reiterates that Plaintiff had more than ample opportunity to request the documents at issue. The Court did not impose any requirements upon Plaintiff's Counsel to delay his request for production of files; that was done on his own accord, as he stated that "[i]t has always been [his] practice since [he has] been practicing law to have files produced right before a deposition so [he] could review them and use them in the deposition." (Docket No. 89 at 8). While this may be his practice,[1] seasoned counsel should modify his practice when he sees the end of discovery approaching and the window quickly closing on his opportunity to request production of documents. Despite Plaintiff's Counsel's assertions to the contrary, the end of discovery seems to this Court to be a "compelling reason" to request production. (*See id.* at 9) (counsel stating that he did not see "any compelling reason to [request production] at that time.").

Indeed, as Plaintiff's Counsel could have discovered through a quick search on Westlaw, only a few months ago, on June 22, 2011, the Third Circuit upheld a discovery order denying a motion to compel under circumstances similar to those of the instant case. *See Nowell v. Reilly*,

---

[1] For future reference in this case, to the extent that Counsel's practice does not conform to the Federal Rules of Civil Procedure, the local rules of this district, or this Court's Orders, the Court would recommend that Counsel modify his practices to match the rules that govern this case.

2011 WL 2464645, *2 (3d Cir. 2011) (upholding district court's denial of a motion to compel where documents were requested only nineteen days prior to close of discovery). As in *Nowell*, Plaintiff's Counsel has provided no "proof … that more diligent discovery was impossible." *Id.* (citing *In re Fine Paper Antitrust Lit.*, 685 F.2d 810, 818 (3d Cir. 1997)). Rather, as I discuss momentarily, he has provided proof to the contrary: that he easily could have requested the documents on April 27, 2011 – more than 30 days prior to the close of discovery.

Plaintiff's Counsel strenuously argues that he "did not want to burden [Defendant Pearson] with the obligation of going through files and produce files and take care of all those issues while he was that sick." (Docket No. 89 at 28). While this is admirable, even if the Court was to accept this justification as the basis for his delay in requesting production, the Plaintiff's own exhibit, (Docket No. 83-2), entered during the hearing, shows that he could have requested the documents with no pangs of conscience as early as April 27, 2011, when he was informed that Defendant Pearson was healthy. April 27, the Court notes, is more than 30 days prior to the June 6, 2011 close of discovery. Still, Plaintiff's Counsel failed to make his request at this time. It seems to this Court that "more diligent discovery" was imminently possible.

Turning next to Plaintiff's assertions that *Ansell v. Green Acres Contracting Company*, 347 F.3d 515 (3d Cir. 2003), is justification for this Court to allow him discovery into claims of non-racial discrimination at Duquesne University, the Court finds this argument unavailing. At argument, Plaintiff's Counsel quoted *Ansell*, stating: "[e]vidence of an employer's conduct toward other employees have long been held relevant and admissible to show that employer's proffered justification is pretext." (Docket No. 89 at 23). Plaintiff would probably have been better served citing a few lines later in that opinion, where the Court of Appeals for the Third Circuit stated that evidence can be brought to show "that the employer treated other, similarly

situated persons out of [plaintiff's] protected class more favorably, or that the employer has discriminated against other members of his protected class *or other protected categories of persons*." *Ansell*, 347 F.3d at 521 (citing *Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994)) (emphasis added).

Even so, there is "no bright line rule for determining when evidence is too remote to be relevant." *Ansell*, 347 F.3d at 525 (citing *United States v. Pollock*, 926 F.2d 1044, 1048 (11th Cir. 1991)). Instead, "such determination must be based on the potential the evidence has for giving rise to reasonable inferences of fact which are 'of consequence to the determination of the action.'" *Ansell*, 347 F.3d at 525 (citing FED.R.EVID. 401).

The Court does not see how any of the files of Dr. Griggs or Defendant Pearson are relevant, outside of the file of Valerie Harper, which has already been produced. 8/29/2011 *Transcript* at 34 (Plaintiff's Counsel admitting that Defense Counsel has produced the Harper file). As Plaintiff's Counsel clearly stated during his supplemental deposition of Dr. Griggs, cases involving a white complainant and white respondent are "of no interest to" him. *Transcript of Supplemental Deposition of Dr. Griggs*, at 102; *id.* at 100 ("If they're white on white, it's not something that I need to discuss with you.").[2] This limitation makes perfect sense, as any "white on white" cases cannot possibly teach anything about racial discrimination – obviously, a white person will win, but a white person will also lose. Such instances do not, in this case, give rise to any reasonable inference of consequence to the action. A non-white party is therefore necessary to show any kind of racial bias by Defendant. As Defendant's Counsel has already produced the

---

[2] Per her statement during the August 29 hearing, (Docket No. 89 at 18-19), Defense Counsel provided the Court with a copy of Dr. Griggs' supplemental deposition on August 29. The Court has reviewed the same.

sole relevant file, all other requests for production appear to this Court to be nothing more than a fishing expedition.

Dr. Griggs' sworn testimony at her deposition corroborates Defense Counsel's statements, which this Court relied upon in its original Order, (*see* Docket No. 78 at 2), that the *only* file which might be shown to involve racial animus had already been provided to Plaintiff. *Transcript of Supplemental Deposition of Dr. Griggs*, at 99 ("Well, if it's a white complainant and a white respondent, that's the rest of these…"). Plaintiff's Counsel admits that he is in possession of the of the Harper file, (Docket No. 89 at 32-33) ("They've [Defendants] given us the Valerie Harper case and said this is not a racial discrimination case but it's close and we are going to give it to you because we think it may be relevant."). Moreover, Dr. Griggs states in her supplemental deposition that she thought that her key recommendations in the Harper case were followed. *Transcript of Supplemental Deposition of Dr. Griggs*, at 93 ("I know that my recommendations – or at least I'm thinking that they may not have been fully accepted, but the thing that I focused on was that the complainant was satisfied."). Thus, in the only case where race *could* have been an issue, Dr. Griggs' key recommendations were followed *in favor of an African-American female* and against a white male.

Finally, the files that were sent from Dr. Griggs to Defendant Pearson for review and action are irrelevant because Pearson could not have obtained Plaintiff's file in this case for two reasons. First, Plaintiff had filed a complaint with PHRC, and it is the University's policy, in all cases, to terminate its investigations when complaints are filed with PHRC. (Docket No. 89 at 44). Second, Defendant Pearson was listed as a respondent in that complaint, so the file should not have gone to him anyway. (*Id.* at 61-62). The Plaintiff is, therefore, not similarly situated to those parties whose files would have gone to Defendant Pearson, because Plaintiff's file would

have been reviewed and acted upon by a different party *if* the file had gone to Pearson, which it did not. *Cf. Goins v. EchoStar Commc'ns Corp.*, 148 Fed.App'x 96, 98 (3d Cir. 2005) ("the operative employment decision made by a different independent manager asserting her discretion is sufficient to differentiate two otherwise similarly situated employees.").

Finally, the Court is of the opinion that production of Pearson's files would unduly complicate this case. The effect would likely be that the Court would be called to engage in mini-trials addressing each of the various claims in Pearson's files. In addition, the little benefit there seems to be in the requested discovery is far outweighed by inherent compromise to the privacy of individuals not party to this litigation. Finally, it would further delay the already protracted resolution of this rather straightforward case of alleged employment discrimination.

For these reasons, the Court sees no reason to overturn its previous Order. Plaintiff's Motion [79] is therefore DENIED.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf:  All counsel of record.